**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | | |
|---|---|---|
| Neals Kelsey Lamont, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 2:23-cv-1148-TMC |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Leon Clyde L., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Plaintiff Neals Kelsey Lamont, a state pretrial detainee proceeding *pro se* and *in forma pauperis*, filed this action pursuant to 42 U.S.C. § 1983. (ECF No. 1). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(d), (e) (D.S.C.), this matter was automatically referred to a magistrate judge for all pretrial proceedings. The magistrate judge reviewed the complaint pursuant to 28 U.S.C. § 1915A and issued an order (the "Proper Form Order") notifying Plaintiff that his case was not in proper form, and that the complaint failed to state a claim upon which relief may be granted and was, therefore, subject to summary dismissal. (ECF No. 8 at 3–4). The Proper Form Order afforded Plaintiff twenty-one days, plus three days for mail time, to bring his case into proper form and to file an amended complaint curing the identified pleading deficiencies. *Id*. at 4. Additionally, the Proper Form Order directed Plaintiff to inform the Clerk of Court in writing as to any change of his address. *Id*. at 2. Finally, the Proper Form Order advised Plaintiff that his failure to follow the foregoing directives would subject the action to summary dismissal. *Id*. The Proper Form Order was mailed to Plaintiff on April 18, 2023, at the address he provided to the court, (ECF No. 9), and has not been returned as undeliverable. Therefore, Plaintiff is presumed to have received it. Nevertheless, to date, Plaintiff has not filed any documents attempting to cure the deficiencies identified by the magistrate judge.

Now before the court is the magistrate judge's Report and Recommendation ("Report"), (ECF No. 12), concluding that Plaintiff's failure to file the requisite proper form documents and an amended complaint warranted dismissal of the action under Rule 41(b), Fed. R. Civ. P., for failure to prosecute and comply with a court order. *Id*. at 4. The magistrate judge also concluded that Plaintiff's allegations fail to state a federal claim to relief. *Id*. at 6. Accordingly, the magistrate judge recommended that the court dismiss the action without further leave to amend or cure any deficiencies.

On June 5, 2023, the Report was mailed to Plaintiff at the address he provided the court. (ECF No. 13). Plaintiff was advised of his right to file specific objections to the Report, (ECF No. 12 at 7), but failed to do so and the time has now expired. Also on June 5, 2023, the magistrate judge mailed an order to the same address again advising Plaintiff of his duty to inform the court in writing of any change of address (the "Address Order"). (ECF Nos. 11; 13). To this date, Plaintiff has not advised the court of any changes to his address. On June 23, 2023, both the Report (ECF No. 12) and the Address Order (ECF No. 11) were returned to the court marked as undeliverable to Plaintiff and unable to be forwarded. (ECF No. 14).

The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023) (citing *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). The court is charged with making a de novo determination of those portions of the Report to which a specific objection is made, and the court may accept, reject, modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). Thus, "[t]o trigger de novo review, an objecting party 'must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court

of the true ground for the objection.'" *Elijah*, 66 F.4th at 460 (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)).  However, the court need only review for clear error "those portions which are not objected to—including those portions to which only 'general and conclusory' objections have been made[.]" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017); *see also Elijah*, 66 F.4th at 460 (noting that "[i]f a litigant objects only generally, the district court reviews the magistrate's recommendation for clear error only"). Furthermore, in the absence of specific objections to the Report, the court is not required to give any explanation for adopting the magistrate judge's recommendation.  *Greenspan v. Brothers Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

Having reviewed the Report and, finding no clear error, the court agrees with and wholly **ADOPTS** the magistrate judge's findings and recommendations in the Report (ECF No. 12), which is incorporated herein by reference. Accordingly, the court **DISMISSES** this action without leave to amend pursuant to Rule 41(b) for failure to prosecute and to comply with court orders.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
August 3, 2023

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.